UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDWARD S. RASALAM, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:21-cv-00763 |
| WAYFAIR, LLC; CEDARS BUSINESS SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

**NOW COMES** Edward S. Rasalam ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of Defendants, Wayfair, LLC, Cedars Business Services, LLC, and Experian Information Solutions, Inc. (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 USC §1692 *et. seq.*, the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 *et. seq.*, breach of contract, and unjust enrichment.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because all of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in the State of Texas.

5. Wayfair, LLC ("Wayfair") is a limited liability company with its principal place of business located at 4 Copley Place, Floor 7, Boston, Massachusetts 02116.

6. Wayfair is a prominent online retail store that provides consumers with various household and personal items.

7. Wayfair is a furnisher of information to the major credit reporting agencies, including Experian.

8. Cedars Business Services, LLC ("Cedars") is a prominent debt collection agency with its principal place of business located at 5230 Las Virgenes Road, #210, Calabasas, California 91302.

9. Cedars is a furnisher of information to the major credit reporting agencies, including Experian.

10. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

11. Experian is engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12. Experian regularly does business in Texas.

**Inaccurate Credit Reporting and Plaintiff's Credit Disputes to Experian**

13. In or around early 2017, Plaintiff purchased six air purifiers through Wayfair using his American Express card.

14. The boxes arrived damaged, and Plaintiff refused the packages, sending them back with UPS.

15. Wayfair received the returned air purifiers on February 23, 2017, as evidenced by a UPS proof of delivery.

16. As a result of Wayfair refusing to refund Plaintiff's money, Plaintiff disputed the charges through American Express and refunded her the money.

17. In 2018, Plaintiff received a credit alert from Credit Karma stating that Cedars was reporting a debt for Wayfair in the amount of $3,734.56 ("subject account").

18. Near the end of 2018, Plaintiff disputed the subject account with Experian.

19. On December 21, 2018, Experian replied to Plaintiff's dispute, stating "We have previously processed this dispute and the credit grantor has verified its accuracy."

20. Plaintiff has attempted to dispute the subject account with Experian on at least 2 other occasions with the same result.

21. In January 2021, Plaintiff sent a detailed dispute letter directly to Cedars stating that she returned the equipment, thus not owing Defendant on the subject account.

22. On February 12, 2021, in response to Plaintiff's dispute to Cedars, Cedars sent Plaintiff a correspondence stating: "Please be advised that we have contacted our client WAYFAIR, who has confirmed the name and address listed on the account as well as the amount owed."

23. Concerned with the inaccurate information reporting on his credit reports, Plaintiff reached out to Lexington Law ("Lexington"), paying $99 per month for Lexington's credit repair services.

24. On Plaintiff's behalf, Lexington again sent a dispute to Cedars requesting that the subject account be removed from all three credit agencies.

25. Lexington was able to remove the Cedars account from Plaintiff's TransUnion account immediately.

26. Unfortunately, Experian refused to work with Lexington and the Cedars account still remains on Plaintiff's Experian credit report.

27. Specifically, Experian and Cedars continue to report the subject account in collections, with a balance and past due amount of $3,735, and a payment status of "Collection/Chargeoff."

28. On September 1, 2021, Plaintiff attempted to finance a vehicle with Ford Motor Company ("Ford") and was denied 0% interest because of the Cedars derogatory account.

29. Instead, Plaintiff had to finance the vehicle at 5.9% APR, a considerable extra expense.

### Plaintiff's Damages

30. As of today, the erroneous reporting of the subject account continues to paint a false and damaging image of Plaintiff.

31. As a result of Cedars and Experian's inaccurate and materially misleading reporting of the subject account, Plaintiff has been denied credit.

32. The derogatory status of the subject account has caused Plaintiff to incur additional interest charges on the vehicle that he purchased, which he would not have incurred but for the derogatory, inaccurate marks on his credit report.

33. Specifically, Plaintiff has been informed by Ford that the derogatory marks on his Experian credit report is frustrating his ability to finance his vehicle at the best available interest rate.

34. As a result of Plaintiff's inability to finance his vehicle loan at 0%, Plaintiff is paying interest at a higher rate than he otherwise would be paying had he been able to finance his vehicle loan at the interest rate for which he would have qualified had Defendants corrected the reporting of the subject account.

35. As a result of Defendants' conduct, Plaintiff has been deprived of interest rates that he otherwise would have been able to obtain.

36. Defendants' reckless indifference relating to the inaccurate reporting of the subject account has frustrated Plaintiff's ability to control his credit report and his ability to benefit from the credit history he has built over the years.

37. As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically credit denials, monthly payments to a credit repair firm, humiliation, the loss of credit opportunity, loss of time disputing the inaccurate reporting, time expended monitoring his credit files, mental anguish, emotional distress, and costs associated with obtaining his Experian credit report.

38. Due to Cedar and Experian's refusal to correct the reporting of the subject account, Plaintiff was forced to retain counsel to compel Defendants to correct the reporting of the subject account.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CEDARS)

39. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

41. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

42. Cedars is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

43. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

44. Cedars violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to investigate with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

45. Cedars violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely Plaintiff's UPS verification that the aid purifiers had been returned, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

46. Had Cedars reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate reporting of the subject account and transmitted the correct information to Experian. Instead, Cedars wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

47. Cedars violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with Experian.

48. Cedars violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the subject account.

49. Cedars violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing in Plaintiff's Experian credit report.

50. Cedars failed to conduct a reasonable investigation of its reporting of the subject account or delete the inaccurate information from Plaintiff's Experian credit report within 30 days of receiving notice of Plaintiff's disputes from Experian under 15 U.S.C. §1681i(a)(1).

51. Despite the blatantly obvious errors in Plaintiff's Experian report, and Plaintiff's efforts to correct the errors, Cedars did not correct the errors or the trade line to report accurately. Instead, Cedars wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's disputes to one or more third parties.

52. A reasonable investigation by Cedars would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains on Plaintiff's Experian credit report.

53. Had Cedars taken adequate steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and materially

misleading information regarding the subject account. Plaintiff provided all relevant information to support his valid disputes in his requests for investigation.

54. By deviating from the standards established by the credit industry and the FCRA, Cedars acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE,** Plaintiff, EDWARD S. RASALAM, respectfully prays this Honorable Court for the following relief:
   a. Finding that the practices complained of herein are unlawful and violate the FCRA;
   b. Ordering Cedars to delete all of the inaccurate information from Plaintiff's Experian credit report;
   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
   e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
   f. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
   g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

55. Plaintiff restates and realleges all pervious paragraphs of this Complaint as though fully set forth herein.

56. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

57. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

58. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

59. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

60. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

61. The FCRA requires credit reporting agencies to implement procedures and systems to promote accurate credit reporting.

62. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

63. Plaintiff provided Experian with all relevant information and documentation in his disputes to support his contention that that the subject account was reporting inaccurately.

64. A cursory review of the relevant documents submitted by Plaintiff would have confirmed that Defendants were erroneously reporting the subject account and that Plaintiff never received the promised goods on which Wayfair was attempting to collect.

65. Experian failed to conduct any meaningful investigation into Plaintiff's disputes. Instead, it continued to blindly report the false information provided to it by Cedars.

66. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it

furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

67. Experian failed to follow reasonable procedures to assure maximum possible accuracy by falsely reporting that Plaintiff owed the subject account.

68. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished regarding Plaintiff.

69. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

70. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's Experian credit file.

71. Had Experian taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff did not owe the subject account and would have immediately deleted the inaccurate information that was being reported by Cedars.

72. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Cedars. Upon information and belief, Experian also failed to transmit to Cedars all the relevant information submitted by Plaintiff as part of his disputes.

73. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff.

74. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

75. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Cedars that the information was complete and accurate, and without sending notice of the re-reporting of the "negative" notation to Plaintiff.

76. Experian knew that the inaccurate reporting of the subject account as delinquent would have a significant adverse effect on Plaintiff's credit worthiness and ability to obtain credit.

77. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

78. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily furnished Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

79. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

80. It is Experian's regular business practice to repeatedly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

81. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting his credit information accurately.

82. Experian acted reprehensively and carelessly by repeatedly reporting the subject account inaccurately when it knew or should have known that Cedars was transmitting false information regarding the subject account to Experian.

83. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data.

84. As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, EDWARD S. RASALAM, respectfully pray this Honorable Court for the following relief:

a. Finding that the practices complained of herein are unlawful and violate the FCRA;
b. Ordering Experian to delete all of the inaccurate information pertaining to the subject account from Plaintiff's credit file;
c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;
f. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST CEDARS)

85. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

### a. Violations of FDCPA § 1692e

86. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

87. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

88. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known, or which should be known to be false." 15 U.S.C. §1692e(8).

89. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

90. Cedars violated §§1692e and e(2) when it reported that Plaintiff owed the subject account when Plaintiff returned the underlying goods associated with the transaction.

91. Specifically, Plaintiff refused delivery of the damaged goods and returned them to Wayfair, so any representation that he is responsible for any past due amount is an inaccurate portrayal of the amount and legal status of the subject account.

92. Defendant violated §§1692e and e(8) when it reported the subject account to Plaintiff's credit report with derogatory remarks when Plaintiff did not owe the subject debt.

93. Defendant violated §§1695e and e(10) when it continued to report the subject account on Plaintiff's credit report when Plaintiff did not owe the subject debt.

    b. **Violations of FDCPA § 1692f**

94. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

95. Section 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f(8).

96. As stated above, Plaintiff was denied a vehicle loan at 0% interest due to the inaccurate reporting, causing severe harm to Plaintiff because of Defendant's conduct.

**WHEREFORE**, Plaintiff, EDWARD S. RASALAM, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from continuing to contact Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

### COUNT IV-VIOLATIONS FOR BREACH OF CONTRACT
(AGAINST WAYFAIR)

97. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

98. Wayfair and Plaintiff entered into an agreement for the exchange of goods in 2017. Specifically, it was mutually agreed that Plaintiff would pay for, and Wayfair would deliver six air purifiers.

99. Wayfair failed to comply with this agreement by sending damaged goods to Plaintiff and then sending the subject account to Cedars for collection in the total amount of $3,734.56 despite Plaintiff returning the damaged goods.

100. Moreover, Wayfair failed to comply with its agreement with Plaintiff as Wayfair assigned the subject account to Cedars despite Plaintiff never breaching his agreement with Wayfair.

101. Furthermore, Wayfair also failed to supply Cedars with the order confirmation and proof of the damaged goods returned to Wayfair.

102. As a result of Wayfair's breach, Plaintiff has been forced to incur costs to seek formal enforcement of the written agreement between himself and Wayfair, when Wayfair could have avoided this action by simply honoring its agreement with Plaintiff and continuing to hold its obligations with the Plaintiff instead of assigning the subject account to Cedars to proceed in the collection of an erroneous sum of money which Plaintiff did not owe.

**WHEREFORE**, Plaintiff, EDWARD S. RASALAM, respectfully requests that this Court:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff actual damages;
  c. Award Plaintiff punitive damages;
  d. Award Plaintiff injunctive Relief; and
  e. Award any other relief as this Court deems just and proper.

### COUNT IV– UNJUST ENRICHMENT
(AGAINST WAYFAIR)

103. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

104. To state a claim for unjust enrichment, a plaintiff must allege that (1) the defendant has unjustly retained a benefit to the plaintiff's detriment, and (2) that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

105. Wayfair unjustly retained a benefit to Plaintiff's detriment by deceptively attempting to collecting an amount of $3,734.56 to which it was not entitled.

106. Specifically, Plaintiff received damaged goods from Wayfair and returned said goods, as evidenced by the UPS return confirmation.

107. Therefore, Wayfair attempted to collect funds for good which Plaintiff never received.

108. Wayfair's attempt to collect such amounts objectively violates the fundamental principles of justice, equity, and good conscience.

**WHEREFORE**, Plaintiff, EDWARD S. RASALAM, requests the following relief:

a. A finding that Wayfair has been unjustly enriched by Plaintiff;
b. An award of compensatory damages; and
c. Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 30, 2021                    Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com