# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **EDWARD S. RASALAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.** |
| **WAYFAIR, LLC, CEDARS BUSINESS** | § | **4:21-CV-00763-SDJ** |
| **SERVICES, LLC and EXPERIAN** | § | |
| **INFORMATION SOLUTIONS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT WAYFAIR, LLC'S ANSWER,
## AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Wayfair, LLC ("Wayfair"), hereby files its Answer, Affirmative Defenses and Original Counterclaim to the Complaint filed by Plaintiff Edward S. Rasalam, pursuant to Rule 12 of the Federal Rules of Civil Procedure.  In answer to the allegations of the Complaint, numbered to correspond to the respective numbered paragraphs of the Complaint, Wayfair states the following:

### NATURE OF THE ACTION

1.      In answer to the allegations in paragraph 1 of the Complaint, Wayfair admits only that Plaintiff brings the action he describes therein. Wayfair, however, denies Plaintiff can demonstrate any violation of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), Texas Debt Collection Practices Act ("TDCPA"), or any breach of contract or unjust enrichment claims. Wayfair denies Plaintiff is entitled to any relief and denies all liability.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of the Complaint, Wayfair admits only that Plaintiff brings this action for relief under the FDCPA and Plaintiff contends supplemental jurisdiction exists for Plaintiff's state law claims. Wayfair does not contest subject matter jurisdiction. All other allegations are denied.

3.      In response to paragraph 3 of the Complaint, Wayfair admits only that it does not contest venue. All other allegations are denied.

## PARTIES

4.      In response to paragraph 4 of the Complaint, Wayfair is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 5 of the Complaint, Wayfair admits that it is a limited liability company with its principal place of business located at 4 Copley Place, Floor 7, Boston, Massachusetts 02116.

6.      In response to paragraph 6 of the Complaint, Wayfair admits that it is an online retailer selling household furnishings and goods to consumers and businesses. All other allegations are denied.

7.      In response to paragraph 7 of the Complaint, Wayfair denies the allegations.

8.      No answer is required from Wayfair with respect to the allegations in paragraph 8 of the Complaint because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

9.      No answer is required from Wayfair with respect to the allegations in paragraph 9 of the Complaint because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

10.     No answer is required from Wayfair with respect to the allegations in paragraph 10 of the Complaint because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

11.     No answer is required from Wayfair with respect to the allegations in paragraph 11 of the Complaint because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

12.     No answer is required from Wayfair with respect to the allegations in paragraph 12 of the Complaint because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

**Inaccurate Credit Reporting and Plaintiff's Credit Disputes to Experian**

13.     Wayfair admits that Plaintiff ordered six air purifiers from Wayfair in February 2017. Wayfair also admits Plaintiff used an American Express card to fund the transaction. All other allegations are denied.

14.     Wayfair denies the allegations in paragraph 14 of the Complaint.

15.     Wayfair denies the allegations in paragraph 15 of the Complaint.

16.     Wayfair lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint, and therefore they are denied.

17.     No answer is required from Wayfair with respect to the allegations in paragraph 17 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

18.     No answer is required from Wayfair with respect to the allegations in paragraph 18 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

19.     No answer is required from Wayfair with respect to the allegations in paragraph 19 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

20.     No answer is required from Wayfair with respect to the allegations in paragraph 20 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

21.     No answer is required from Wayfair with respect to the allegations in paragraph 21 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

22.     No answer is required from Wayfair with respect to the allegations in paragraph 22 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

23.     No answer is required from Wayfair with respect to the allegations in paragraph 23 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

24.     No answer is required from Wayfair with respect to the allegations in paragraph 24 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

25.     No answer is required from Wayfair with respect to the allegations in paragraph 25 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

26.      No answer is required from Wayfair with respect to the allegations in paragraph 26 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

27.      No answer is required from Wayfair with respect to the allegations in paragraph 27 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

28.      Wayfair lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint, and therefore they are denied.

29.      Wayfair lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint, and therefore they are denied.

**Plaintiff's Damages**

30.      Wayfair denies the allegations in paragraph 30 of the Complaint.

31.      No answer is required from Wayfair with respect to the allegations in paragraph 31 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

32.      Wayfair denies the allegations in paragraph 32 of the Complaint.

33.      Wayfair lacks knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint, and therefore they are denied.

34.      Wayfair denies the allegations in paragraph 34 of the Complaint.

35.      Wayfair denies the allegations in paragraph 35 of the Complaint.

36.      Wayfair denies the allegations in paragraph 36 of the Complaint.

37.      Wayfair denies the allegations in paragraph 37 of the Complaint.

38.     No answer is required from Wayfair with respect to the allegations in paragraph 38 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST CEDARS)

39.     In response to paragraph 39 of the Complaint, Wayfair incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

40.     The allegation that Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

41.     The allegation that Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

42.     The allegation that Cedars is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2 is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

43.     The allegation that Plaintiff's credit reports were "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

44.     No answer is required from Wayfair with respect to the allegations in paragraph 44 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

45.     No answer is required from Wayfair with respect to the allegations in paragraph 45 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

46.     No answer is required from Wayfair with respect to the allegations in paragraph 46 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

47.     No answer is required from Wayfair with respect to the allegations in paragraph 47 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

48.     No answer is required from Wayfair with respect to the allegations in paragraph 48 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

49.     No answer is required from Wayfair with respect to the allegations in paragraph 49 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

50.     No answer is required from Wayfair with respect to the allegations in paragraph 50 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

51.     No answer is required from Wayfair with respect to the allegations in paragraph 51 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

52.     No answer is required from Wayfair with respect to the allegations in paragraph 52 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

53.     No answer is required from Wayfair with respect to the allegations in paragraph 53 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

54.     No answer is required from Wayfair with respect to the allegations in paragraph 54 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

The "Wherefore" paragraph and its sub-parts do not relate to Wayfair, therefore no response is required.  To the extent an answer is required, Wayfair denies the allegations.

### COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
**(AGAINST EXPERIAN)**

55.     In response to paragraph 55 of the Complaint, Wayfair incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

56.     The allegation that Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

57.     The allegation that Experian is a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

58.     The allegation that Plaintiff's credit reports were "consumer reports" as defined by 15 U.S.C. § 1681a(d) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

59.     The allegation that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) is a legal conclusion to which no answer is required. To the extent an answer is required, Wayfair denies the allegations.

60.     No answer is required from Wayfair with respect to the allegations in paragraph 60 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

61.     No answer is required from Wayfair with respect to the allegations in paragraph 61 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

62.     No answer is required from Wayfair with respect to the allegations in paragraph 62 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

63.     No answer is required from Wayfair with respect to the allegations in paragraph 63 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

64.     No answer is required from Wayfair with respect to the allegations in paragraph 64 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

65.     No answer is required from Wayfair with respect to the allegations in paragraph 65 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

66.     No answer is required from Wayfair with respect to the allegations in paragraph 66 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

67.     No answer is required from Wayfair with respect to the allegations in paragraph 67 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

68.     No answer is required from Wayfair with respect to the allegations in paragraph 68 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

69.     No answer is required from Wayfair with respect to the allegations in paragraph 69 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

70.     No answer is required from Wayfair with respect to the allegations in paragraph 70 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

71.     No answer is required from Wayfair with respect to the allegations in paragraph 71 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

72.      No answer is required from Wayfair with respect to the allegations in paragraph 72 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

73.      No answer is required from Wayfair with respect to the allegations in paragraph 73 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

74.      No answer is required from Wayfair with respect to the allegations in paragraph 74 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

75.      No answer is required from Wayfair with respect to the allegations in paragraph 75 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

76.      No answer is required from Wayfair with respect to the allegations in paragraph 76 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

77.      No answer is required from Wayfair with respect to the allegations in paragraph 77 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

78.      No answer is required from Wayfair with respect to the allegations in paragraph 78 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

79.      No answer is required from Wayfair with respect to the allegations in paragraph 79 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

80.      No answer is required from Wayfair with respect to the allegations in paragraph 80 because they do not relate to Wayfair. To the extent an answer is required, Wayfair denies the allegations.

81.      No answer is required from Wayfair with respect to the allegations in paragraph 81 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

82.      No answer is required from Wayfair with respect to the allegations in paragraph 82 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

83.      No answer is required from Wayfair with respect to the allegations in paragraph 83 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

84.      No answer is required from Wayfair with respect to the allegations in paragraph 84 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

The "Wherefore" paragraph and its sub-parts do not relate to Wayfair, therefore no response is required.  To the extent an answer is required, Wayfair denies the allegations.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST CEDARS)

85.      In response to paragraph 85 of the Complaint, Wayfair incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

**Violations of FDCPA § 1692e**

86.     No answer is required from Wayfair with respect to the allegations in paragraph 86 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

87.     No answer is required from Wayfair with respect to the allegations in paragraph 87 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

88.     No answer is required from Wayfair with respect to the allegations in paragraph 88 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

89.     No answer is required from Wayfair with respect to the allegations in paragraph 89 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

90.     No answer is required from Wayfair with respect to the allegations in paragraph 90 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

91.     No answer is required from Wayfair with respect to the allegations in paragraph 91 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

92.     No answer is required from Wayfair with respect to the allegations in paragraph 92 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

93.      No answer is required from Wayfair with respect to the allegations in paragraph 93 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

**b. Violations of FDCPA § 1692f**

94.      No answer is required from Wayfair with respect to the allegations in paragraph 94 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

95.      No answer is required from Wayfair with respect to the allegations in paragraph 95 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

96.      No answer is required from Wayfair with respect to the allegations in paragraph 96 because they do not relate to Wayfair and they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

The "Wherefore" paragraph and its sub-parts do not relate to Wayfair, therefore no response is required.  To the extent an answer is required, Wayfair denies the allegations.

### COUNT IV – VIOLATIONS FOR BREACH OF CONTRACT
(AGAINST WAYFAIR)

97.      In response to paragraph 97 of the Complaint, Wayfair incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

98.      Wayfair admits Plaintiff ordered six air purifiers from Wayfair on February 21, 2017. Wayfair denies all other allegations in paragraph 98 of the Complaint.

99.      Wayfair denies the allegations set forth in in paragraph 99 of the Complaint.

100.      Wayfair denies the allegations set forth in in paragraph 100 of the Complaint.

101.      Wayfair denies the allegations set forth in in paragraph 101 of the Complaint.

102.     Wayfair denies the allegations set forth in in paragraph 102 of the Complaint.

With respect to the "Wherefore" paragraph and its sub-parts, Wayfair denies Plaintiff is entitled to the relief sought and denies all liability. All other allegations are denied.

### COUNT IV – UNJUST ENRICHMENT
(AGAINST WAYFAIR)

103.     In response to paragraph 103 of the Complaint, Wayfair incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

104.     No answer is required from Wayfair with respect to the allegations in paragraph 14 of the Complaint because they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

105.     Wayfair denies the allegations set forth in in paragraph 105 of the Complaint.

106.     Wayfair denies the allegations set forth in in paragraph 106 of the Complaint.

107.     Wayfair denies the allegations set forth in in paragraph 107 of the Complaint.

108.     No answer is required from Wayfair with respect to the allegations in paragraph 108 of the Complaint because they constitute legal conclusions. To the extent an answer is required, Wayfair denies the allegations.

With respect to the "Wherefore" paragraph and its sub-parts, Wayfair denies Plaintiff is entitled to the relief sought and denies all liability. Except as admitted, qualified, or otherwise pled herein, Defendant denies each and every matter alleged in the Complaint, including the allegations contained in all headings, subheadings and footnotes, if any.

### DEMAND FOR JURY TRIAL

In response to Plaintiff's "Demand for Jury Trial", Wayfair admits only that Plaintiff requests a trial by jury. To the extent an answer is required, Wayfair denies all allegations.

### WAYFAIR'S AFFIRMATIVE AND OTHER DEFENSES

Wayfair asserts the following affirmative and other defenses:

1.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege and prove all conditions precedent to recovery.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, quasi-estoppel, waiver, unclean hands, laches, bona fide error, and/or other equitable doctrines.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, laches, and/or other time bars.

4.      Plaintiff's claims are barred because he has suffered no injury.

5.      Plaintiff's claims are barred because he has failed to mitigate his damages, if any.

6.      Plaintiff's claims are barred, in whole or in part, because Wayfair's acts and/or omissions were not the cause of Plaintiff's injury or damages, if any.

7.      Plaintiff's injury or damages, if any, were proximately caused by the acts or omissions of other persons and/or entities, including Plaintiff himself, and such acts or omissions were intervening, superseding and/or contributing causes of Plaintiff's damages, if any.

8.      Plaintiff's attorneys' fees are not recoverable, reasonable, or necessary.

9.      Wayfair denies liability for punitive or exemplary damages.  Further, any claim for punitive or exemplary damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution.

10.     Plaintiff's claims may also be barred by additional defenses that may arise during the course of this litigation, which defenses Wayfair reserves the right to assert.

Wherefore, Wayfair prays that Plaintiff take nothing by the Complaint, that the Complaint be dismissed with prejudice and on the merits, and for such other relief as the Court deems just and equitable.

## WAYFAIR'S COUNTER-CLAIMS

While preserving all defenses and expressly denying that it is liable for any of the relief sought in Plaintiff's Complaint, Wayfair states as follows:

1.      The counterclaims set forth herein is a compulsory counterclaim under Federal Rules of Civil Procedure 13(a) because the counterclaims arise out of the same transaction and occurrences that are set forth in the Complaint.

2.      If jurisdiction is proper with respect to the complaint against Wayfair and all other defendants under 28 U.S.C. §§ 1331 and 1337, then it is proper as to Plaintiff for the purposes of these counter-claims.

3.      If venue is proper with respect to the Complaint against Wayfair and all other defendants under 28 U.S.C. § 1391(b)(2), then it is proper as to Plaintiff for the purposes of these counter-claims.

## Background

4.      For nine years, Plaintiff has engaged in an ongoing and continuous scheme to scam money and goods from Wayfair by falsely claiming items arrived damaged or did not arrive at all and pocketing the refund – along with retaining possession of the non-damaged or allegedly un-received goods.

5.      Using five different accounts and email addresses, Plaintiff placed approximately 204 orders with Wayfair between 2012 and 2017. Of the 184 orders that were successfully shipped or delivered to Plaintiff, Plaintiff had an incident or return for more than 50% of the orders.

6.      Plaintiff's conduct amounts to an ongoing and continuous scheme, perpetuated throughout the course of the parties' business relationship, to scam money from Wayfair for fraudulent returns, and to retain possession of goods to which Plaintiff has no legal title or right.

**Plaintiff's Fraudulent Return Scheme**

7.      Plaintiff perpetuates his scheme by falsely alleging items were damaged in transit or upon arrival, or not received at all, pocketing the refund and keeping the items. Plaintiff knew at the time he made the assertions that the items were not damaged or lost in transit, and Wayfair acted in reliance on Plaintiff's misrepresentations.

8.      Plaintiff also carried out his scheme by placing orders for products, initiating a return and accepting a refund, then failing to return the product to Wayfair.

9.      Once Plaintiff accepted the refund for the goods, Wayfair was entitled to legal possession of the property. However, Plaintiff unlawfully and without authorization kept the items, along with the refund, despite attempts by Wayfair to remedy the situation.

**Plaintiff's Home Game and Media Space**

10.      Upon information and belief, Plaintiff has used his scheme to outfit a game and media space in his home:

    a.   On April 30, 2014, Plaintiff purchased a tennis ball machine from Wayfair for $3,748.77. The tennis ball machine was delivered to Plaintiff on May 10, 2014. Six days later, on May 16, 2014, Plaintiff emailed Wayfair stating the quality was worse than expected and requested a refund. The following day, Plaintiff represented that the machine was cracked. Wayfair refunded Plaintiff $3,748.77. Plaintiff did not return the tennis ball machine.

    b.   On May 3, 2014, Plaintiff ordered a ping pong table for $1,499.99. Upon delivery, Plaintiff requested a refund because "the edges are damaged." Plaintiff did not provide any photos of the alleged damage. Wayfair refunded Plaintiff $1,499.99. Plaintiff did not return the ping pong table.

c.  On May 3, 2014, Plaintiff also ordered a projection screen. Upon delivery, Plaintiff alleged the "the screen is scratched" and requested a refund. Plaintiff did not provide any photos of the alleged damaged. Wayfair refunded Plaintiff $1,533.28. Plaintiff did not return the projection screen.

d.  On March 11, 2015, Plaintiff ordered 144 ping pong balls. He requested a refund stating each and every one of the balls were "cracked and damaged." Again, Plaintiff failed to provide any photos of the alleged damage. Wayfair refunded the purchase amount of $249.99. Plaintiff did not return the ping pong balls.

e.  On March 23, 2015 – after Plaintiff received a refund for the allegedly damaged ping pong balls – Plaintiff ordered a table tennis paddle for $489.99. He then requested a refund, stating "the envelope was not padded enough to withstand transit." Once again, he failed to provide any photos of the alleged damage. Wayfair refunded Plaintiff his purchase amount of $489.99.

f.  Similarly, on May 19, 2016, Plaintiff ordered a projector then requested a return. Wayfair refunded Plaintiff's purchase amount of $251.13. Once again, however, Wayfair has been unable to verify Plaintiff actually returned the product.

g.  On June 20, 2016, Plaintiff ordered a popcorn machine for $163.45. He then initiated a return. Wayfair has been unable to verify Plaintiff actually returned the product.

**Plaintiff's Patio and Outdoor Space**

11.    Upon information and belief, Plaintiff also used his fraudulent return scheme to outfit his patio and outdoor space:

a.  On February 11, 2016, Plaintiff ordered an outdoor spotlight. He then requested a
    return and Wayfair refunded his purchase price of $89.00. However, Wayfair has
    been unable to verify Plaintiff actually returned the product.

b.  On March 31, 2016, Plaintiff ordered an inflatable bounce house for $638.62. Four
    days after the item was delivered, Plaintiff told Wayfair the box was ripped and
    crushed and the bounce house was damaged. Plaintiff requested a refund for the
    full purchase price and was instructed to dispose of the bounce house.

c.  On May 29, 2016, Plaintiff ordered an outdoor kitchen island. He then initiated a
    return. Once again, Wayfair has been unable to verify Plaintiff returned the product.

### Additional Household Goods

12. Plaintiff also used his scheme to obtain other home goods and personal items:

a.  On May 10, 2012, Plaintiff purchased a 6-volt battery. Upon delivery, Plaintiff
    claimed he received the wrong battery and requested a replacement or credit.
    Wayfair refunded Plaintiff's purchase price of $93.20 and Plaintiff was instructed
    to return the battery. However, the battery Plaintiff returned was not the battery
    ordered -- instead, it was a 2006 model which appeared to be the original battery
    from Plaintiff's vehicle. Plaintiff did not respond to Wayfair's attempts to contact
    him requesting return of the correct battery. Plaintiff never returned the correct car
    battery.

b.  On September 26, 2012, Plaintiff ordered a luggage set for $238.59. After delivery,
    Plaintiff falsely represented to Wayfair that the set arrived damaged but "I was not

able to report the damage" to the delivery carrier. Wayfair refunded Plaintiff the purchase price of $238.59. Plaintiff kept the luggage set.

c.  On October 27, 2014, Plaintiff ordered 12 air filters, then claimed all 12 were damaged upon delivery. Wayfair provided replacement air filters, which Plaintiff alleged were also damaged upon delivery. Wayfair provided a full refund in the amount of $611.04. Plaintiff did not return the air filters.

d.  On February 11, 2016, Plaintiff ordered an outdoor spotlight. He then requested a return and Wayfair refunded his purchase price of $89.00. However, Wayfair has been unable to verify Plaintiff actually returned the product.

e.  On March 23, 2016, Plaintiff ordered a Tiffany-style floor lamp. Plaintiff used $279.03 in store credit and charged the remaining balance of $520.93 to his American Express card. After being denied a 20% discount for perceived delays for the custom made-to-order lamp, Plaintiff told Wayfair the lamp arrived damaged and non-functional. Plaintiff was instructed to dispose of the allegedly damaged lamp and received a credit of $279.03 and refund of $520.93.

f.  On February 12, 2017, Plaintiff ordered six air purifiers. The then alleged the air purifiers arrived damaged and initiated a return. Wayfair provided tracking and shipping labels for Plaintiff's use to return the products. Upon receipt, Wayfair discovered the boxes were empty. The boxes has been opened from the bottom, the items removed, and the boxes re-taped and shipped back. Plaintiff never returned the air purifiers to Wayfair. Ironically, Plaintiff now asserts claims against *Wayfair* for failing to refund Plaintiff's purchase price for the very same air purifiers Plaintiff failed to return.

13.     In 2018, Wayfair notified Plaintiff that it was terminating its relationship with Plaintiff and would no longer fill Plaintiff's orders.

14.     Over the nine years of the parties' relationship, Plaintiff absconded with approximately $52,620 as a result of his fraudulent return scheme. Upon information and belief, Plaintiff also retains possession and control over the goods Plaintiff promised to return or discard.

## Count I: Breach of Contract

15.     In purchasing goods from Wayfair, Plaintiff agreed to provide Wayfair with payment in exchange for the products. Wayfair's return policy provides that a customer, like Plaintiff, can return items for a refund under particular conditions. Wayfair's return policy also provides that Wayfair will work with its customers for resolution in the event a product is damaged or defective. A copy of Wayfair's return policy is available on its website at www.wayfair.com/help/article/return_policy.

16.     Plaintiff violated Wayfair's return policy by misrepresenting items purchased from Wayfair arrived damaged or were lost in transit.

17.     Plaintiff also violated Wayfair's return policy by failing to return or donate items purchased from Wayfair for which Plaintiff received a refund or credit based on his misrepresentations as to the condition or status of the items.

18.     In reliance on Plaintiff's false assertions that products ordered arrived damaged or defective, Wayfair issued Plaintiff refunds or store credit. Wayfair also instructed Plaintiff to either return the allegedly damaged or defective items or to dispose of the items as a condition for receiving the refund or store credit.

19.     However, Plaintiff failed to return or dispose of the allegedly defective products and – upon information and belief – kept the products for his own use.

20.     Over the nine years of the parties' relationship, Plaintiff received in excess of $52,960 in refunds or credits as a result of his false assertions. In addition, Plaintiff improperly and unlawfully retained possession of items which were required to be either returned to Wayfair or donated under the Return Policy.

21.     Wayfair seeks compensatory damages in the amount of at least $52,620. In additional, Wayfair is entitled to recover reasonable and necessary attorneys' fees and costs for this suit.

### Count II: Conversion

22.     Wayfair had a right to immediate possession of the goods and items for which Plaintiff accepted a refund or credit under Wayfair's return policy.

23.     Plaintiff wrongfully retained possession over the goods. Plaintiff knew Wayfair was entitled to the products after issuing a refund to Plaintiff, but Plaintiff unlawfully retained possession of the products.

24.     Plaintiff's actions amount to a clear repudiation of Wayfair's rights.

25.     Plaintiff's wrongful acts proximately caused injury to Wayfair, which resulted in the following damages:

   a.  Loss of use of the converted property; and

   b.  Loss of profits from the converted property;

   c.  Compensatory damages in the amount of at least $52,960;

   d.  Exemplary damages under Tex. Civ. Prac. & Rem. Code 41.003(a)(2) as a result of Plaintiff's malice.

### Count III: Common Law Fraud

26.     Plaintiff represented to Wayfair that goods purchased from Wayfair arrived damaged or were lost in transit.

27.     Plaintiff's representations to Wayfair were material, as Plaintiff's false assertions were required for Plaintiff to receive a refund or store credit for the items.

28.     Plaintiff's representation to Wayfair was a false statement of fact, as Plaintiff was well aware the products were not, in fact, damaged or defective at the time he made his assertions to Wayfair.

29.     Plaintiff's representations to Wayfair that he would (i) provide photos of alleged damage to the goods; (ii) return the allegedly damaged goods to Wayfair; or (iii) donate or dispose of the allegedly damaged goods amounted to false representations to Wayfair.

30.     Plaintiff made the false representations knowing they were false.

31.     Plaintiff intended Wayfair to rely on the false representations in issue Plaintiff refunds or credits based on the false representations.

32.     Wayfair justifiability relied on Plaintiff's false representations when it issued Plaintiff refunds or credits for the allegedly damaged goods.

33.     Plaintiff's false representations directly and proximately caused injury to Wayfair, which resulted in damages in the amount of at least $52,960.

34.     Wayfair's injury resulted from Plaintiff's actual fraud, gross negligence, or malice, which entitled Wayfair to exemplary damages under Tex. Civ. Prac. & Rem. Code 41.003(a).

## PRAYER FOR RELIEF

For these reasons, Wayfair respectfully requests that the Court:

    a)  Dismiss the Complaint against Wayfair with prejudice;

b)  Award Wayfair actual damages in the amount of at least $52,960;

c)  Award Wayfair punitive and exemplary damages;

d)  Enter an order requiring Plaintiff to pay Wayfair any of its expenses, costs of suit, and attorney fees, along with pre- and post-judgment interest; and

e)  Enter an order granting Wayfair such other relief as this Court may deem equitable and just.

Dated: December 15, 2021                    Respectfully submitted,


                                            */s/ Matthew H. Davis*
                                            **Matthew H. Davis**
                                              State Bar No. 24069580
                                              mdavis@lockelord.com
                                            **Katie Wright**
                                              State Bar No. 24095732
                                              Katie.wright@lockelord.com
                                            LOCKE LORD LLP
                                            2200 Ross Avenue, Suite 2800
                                            Dallas, Texas 75201-6776
                                            Telephone: (214) 740-8000
                                            Facsimile: (214) 740-8800

                                            **ATTORNEYS FOR DEFENDANT WAYFAIR, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of December, 2021 a true and correct copy of the foregoing document was served on the following via ECF, pursuant to the Federal Rules of Civil Procedure:

| | |
|---|---|
| Marwan R. Daher | Kevin Thomas Crocker |
| Mohammed Omar Badwan | Liara Aurelia Silva |
| Omar Tayseer Sulaiman | BARRON & NEWBURGER PC - AUSTIN |
| Victor Thomas Metroff | |
| SULAIMAN LAW GROUP, LTD. | 7320 N. MoPac Expy., Suite 400 |
| 2500 S. Highland Ave., Suite 200 | Austin, TX 78731 |
| Lombard, IL 60148 | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | *Cedars Business Services, LLC* |

Justin Edward White
JONES DAY - HOUSTON
717 Texas, Suite 3300
Houston, TX 77002
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Matthew H. Davis*
Counsel for Defendant Wayfair, LLC